**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

PIEDMONT ENVIRONMENTAL COUNCIL;
SIERRA CLUB,

        *Plaintiffs-Appellants,*

        v.

UNITED STATES DEPARTMENT OF
TRANSPORTATION; FEDERAL HIGHWAY
ADMINISTRATION; DAVID S. GENDELL,
in his official capacity as Regional
Administrator, Region 3, Federal
Highway Administration; ROBERTO
FONSECA-MARTINEZ, in his official
capacity as Division Administrator,
Virginia Division, Region 3, Federal
Highway Administration; NORMAN
Y. MINETA, in his official capacity
as Secretary of the United States
Department of Transportation;
MARY PETERS, Administrator,
Federal Highway Administration;
WHITTINGTON W. CLEMENT, Secretary
of the Virginia Department of
Transportation and Chairman of the
Commonwealth Transportation
Board,

        *Defendants-Appellees.*

No. 02-2362

Appeal from the United States District Court
for the Western District of Virginia, at Charlottesville.
Norman K. Moon, District Judge.
(CA-98-4-C)

Submitted: May 2, 2003

Decided: June 2, 2003

Before WIDENER, WILLIAMS, and TRAXLER, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Deborah M. Murray, SOUTHERN ENVIRONMENTAL LAW CEN-TER, Charlottesville, Virginia, for Appellants. Thomas L. Sansonetti, Assistant Attorney General, Andrew C. Mergen, Todd Kim, Robert H. Oakley, Environment & Natural Resources Division, UNITED STATES DEDPARTMENT OF JUSTICE, Washington, D.C.; John L. Brownlee, United States Attorney, Julie C. Dudley, Assistant United States Attorney, Roanoke, Virginia, for Appellees.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Piedmont Environmental Council and the Sierra Club (collectively, Piedmont) appeal the district court's denial of their motion for attorneys' fees under the Equal Access to Justice Act (EAJA), 28 U.S.C.A. § 2412 (West 1994 & Supp. 2003). Because the district court did not abuse its discretion, we affirm.

### I.

To address traffic congestion on Route 29 through Charlottesville, Virginia, the United States Department of Transportation (USDOT) and the Virginia Department of Transportation (VDOT), after com-

pleting environmental impact statements (EIS), obtained approval from the Federal Highway Administration (FHWA) to widen Route 29 from four to six lanes, build grade-separated interchanges along Route 29, and build a new four-lane bypass to the west of Route 29. After several public meetings to discuss the improvements, VDOT cancelled the three grade-separated interchanges, but kept the plans to widen Route 29 and build the bypass.

Piedmont filed a nine-count complaint against USDOT, FHWA, and various federal and state transportation officials (collectively, Appellees), alleging that, in planning the bypass project, Appellees violated the National Environmental Policy Act of 1969 (NEPA), 42 U.S.C.A. § 4321 *et seq.* (West 1994 & Supp. 2003), section 4(f) of the Department of Transportation Act, 49 U.S.C.A. § 303 (West 1997), and section 18(a) of the Federal-Aid Highway Act, 23 U.S.C.A. § 138 (West 2002).[1] In light of the issues raised in the public meetings and in Piedmont's lawsuit, Appellees engaged in a "Re-evaluation" of their environmental impact statements. Appellees concluded that no new significant environmental impacts would result and that a supplemental EIS need not be completed. FHWA approved this Reevaluation.

On cross-motions for summary judgment on all nine counts, the district court held that while Appellees had complied with NEPA and section 4(f) with respect to eight of the nine counts, Appellees inadequately complied with NEPA with respect to one count regarding Appellees' review of the impacts of the bypass on the surrounding cultural and archaeological resources and a nearby reservoir. *Piedmont Env't Council v. U.S. Dep't of Transp.*, 159 F. Supp. 2d 260 (W.D. Va. 2001) (*Piedmont I*). Piedmont appealed to this court the eight counts on which it lost. We held that Piedmont lacked standing for one of the eight counts but otherwise affirmed the district court's decision. *Piedmont Env't Council v. U.S. Dep't of Transp.*, 2003 WL 257456 (4th Cir. Feb. 7, 2003) (per curiam) (unpublished table decision) (*Piedmont II*).

While the case was on appeal, Piedmont filed a petition for attorneys' fees under the EAJA. Piedmont requested $493,404.75 in fees,

---

[1] We refer to the latter two statutes, collectively, as "section 4(f)."

which represented their total costs of the litigation minus 10%.[2] The district court held that Piedmont was a prevailing party but denied the requested fees, finding that (1) the issue on which Piedmont had obtained summary judgment constituted "one small portion" of the overall project; (2) the issue was close and the district court had "[e]rr[ed] on the side of caution" in enjoining the bypass project; and (3) Appellees were substantially justified in the overall position they took in litigation. *Piedmont Env't Council v. U.S. Dep't of Transp.*, No. Civ.A. 3:98CV0004 (W.D. Va. Sep. 30, 2002) (*Piedmont III*). Piedmont timely filed a notice of appeal.

## II.

Under the EAJA,

> [A] court shall award to a prevailing party other than the United States fees and other expenses . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C.A. § 2412(d)(1)(A). The government's position is "substantially justified" if there is a "genuine dispute . . . or if reasonable people could differ as to the appropriateness of the contested action." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (internal quotation marks, alterations, and citations omitted). Thus, the government need only be "justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person," *id.* at 565 (internal quotation marks omitted), and the government can be "substantially justified" even if it loses, *id.* at 566 n.2; *see also Roanoke River Basin Ass'n v. Hudson*, 991 F.2d 132, 139 (4th Cir. 1993) (affirming the district court's denial of attorneys' fees, even though plaintiffs had prevailed on two issues, because the government's overall position was "substantially justified"). We look to the totality of the circumstances to determine whether Appellees' position is substantially justified. *Roanoke River Basin*, 991 F.2d at 139 ("[W]e look beyond the issue on which the petitioner prevailed to determine, from the totality of

---

[2]Piedmont contends that it is entitled to essentially all of its fees, even though it prevailed on only one count, because all nine issues involved a common core of facts.

circumstances, whether the government acted reasonably in causing the litigation or in taking a stance during the litigation."). We review the district court's determination of whether the government is "substantially justified" under the EAJA for an abuse of discretion. *Pierce*, 487 U.S. at 559. A district court abuses its discretion "only if its conclusions are based on mistaken legal principles or clearly erroneous factual findings." *People for the Ethical Treatment of Animals v. Doughney*, 263 F.3d 359, 370 (4th Cir. 2001).

## III.

Piedmont contends that the district court abused its discretion in finding that Appellees' litigation position was substantially justified when Appellees lost on one issue, which had the effect of enjoining the entire bypass project until Appellees complied. We have reviewed the record in this case and find no error in the district court's resolution. The district court properly identified the governing legal standard and did not abuse its discretion in finding that Appellees were substantially justified in their overall litigation position. Accordingly, we affirm based on the reasoning of the district court. *See Piedmont III*, No. Civ.A. 3:98CV0004.

*AFFIRMED*